(October 20, 1986)

■ In the Matter of MARTIN FRIES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, except for an affirmation of resignation dated June 16, 1986 submitted by respondent to the petitioner, respondent has failed to appear or to answer the petition herein containing the charges, although the time to do so has expired. Respondent

was personally served in this matter. Petitioner further moved for a default judgment on the ground that respondent failed to appear or to answer the aforementioned petition. Although served with the notice of motion for a default judgment, respondent failed to answer.

The respondent was admitted to the Bar by this court on February 25, 1976. Generally stated, the 22 charges against respondent are as follows: (1) eight separate charges of converting clients' funds to his own use, in that respondent deposited amounts ranging from $1,000 to $15,200 in escrow accounts held by him, and the respective balances thereafter fell below the amount respondent was required to hold in escrow; (2) three instances of commingling the funds of clients with those of his own; (3) seven separate charges of neglecting clients' matters, including his failure to timely commence uncontested divorce actions after respondent had received his full fee; (4) failing to cooperate with the petitioner Grievance Committee's investigation of complaints of professional misconduct which included numerous occasions when correspondence was sent to respondent requesting his response to a complaint filed against him and on each occasion his failing to respond; (5) one charge of contempt of court in that respondent failed to comply with a subpoena and a subpoena duces tecum, so ordered by this court; (6) abandoning his legal practice to the detriment of his clients, by closing his law office without advising his clients; and (7) failing to communicate with clients and misrepresenting the status of their legal matters to them.

The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Pursuant to 22 NYCRR 691.10 (g) of the rules of this court, Honorable Max H. Galfunt, a former Criminal Court Judge, is appointed to inventory the files of respondent in order to protect the interests of respondent's clients. Respondent is unfit to be a member of the Bar. The "resignation" dated June 16, 1986 is hereby rejected. Respondent is disbarred and his name is ordered removed from the roll of attorneys and counselors-at-law, effective forthwith. Mollen, P. J., Lazer, Mangano, Lawrence and Spatt, JJ., concur.